George **SQUILLACOTE**, Regional Director of the Thirtieth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

**GRAPHIC ARTS INTERNATIONAL UNION, AFL–CIO, CLC, and Graphic Arts International Union, Local No. 32B National Union, No. 88L, AFL–CIO–CLC, Respondents.**

No. 77–C–428.

United States District Court,
E. D. Wisconsin.

Sept. 30, 1977.

---

John M. Loomis, Milwaukee, Wis., for petitioner.

Peggy A. Hillman, Thomas D. Allison of Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for Graphic.

Daniel L. Shneidman, Milwaukee, Wis., for Local.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was commenced by the filing of a petition by the regional director of the National Labor Relations Board (the board), pursuant to section 10(*l*) of the National Labor Relations Act as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(*l*)]. The petition seeks a temporary injunction pending the board's final disposition of charges that the respondent unions have committed certain unfair labor practices. The petition alleges that the respondents have engaged in, and are engaging in, conduct violative of section 8(b)(4)(i) and (ii)(B), the section prohibiting secondary boycotts.

The primary labor dispute is with the Banta Division of the George Banta Company, Inc. (the company). The company wholly owns several subsidiary corporations, including The Hart Press, Inc., Northwestern Colorgraphics, Inc., Ling Products, Inc., Daniels Packaging Company, Inc., Demco Educational Corp., Springfield Gravure Corporation, and The Columbus Bank Note Company. The named subsidiary corporations are the alleged victims of the secondary boycott activities.

On September 23, 1977, I held an ex parte hearing on the petitioner's motion for a temporary restraining order. The petitioner's motion was granted and a temporary restraining order issued with an expiration date of September 27, 1977. An additional hearing was scheduled for September 27, 1977, on the petitioner's alternative motions for an extension of the temporary restraining order or for a temporary injunction, and the petitioner's motions to amend the petition and to expedite discovery.

At the September 27, 1977, hearing, with all parties appearing, the temporary restraining order was extended. The petitioner's motion to amend and to expedite discovery were also granted.

This proceeding is presently before me on the petitioner's motion for a temporary injunction pending the completion of the respondents' discovery of documentary material of the company. Also pending and resolved herein is the respondent Graphic Arts International Union's (GAIU) motion to dismiss.

## MOTION TO DISMISS

GAIU seeks a dismissal of this action on two grounds: (1) the petition fails to state a claim upon which relief can be granted; and (2) the court lacks jurisdiction over the subject matter of certain allegations of the petition. The assertion that the petition fails to state a claim upon which relief can be granted is based on the argument that the mere allegation that administrative complaints have been filed with the board is insufficient to justify an injunction.

■ I find this argument to be without merit. The petition incorporates the complaints filed with the board and such complaints are attached to the petition. The petitioner also alleges, inter alia, that he has reasonable cause to believe that the complaints are true and that the respondents have engaged in unfair labor practices in violation of section 8(b)(4)(i) and (ii)(B) of the act.

■ In my opinion, the allegations of the petition are sufficient to survive a motion to dismiss. The petitioner's reasonable cause need not be proved on the face of the petition any more than an ordinary civil claim must be proved on the face of the complaint.

I also reject the jurisdictional argument as a basis for dismissing the action. The thrust of this argument is that some of the administrative complaints relate to strike activities that have occurred outside the state of Wisconsin and outside of the petitioner's region. GAIU argues that section 10(*l*) limits the power of the regional director to filing injunction petitions in cases where the complaint is originally referred to that regional director.

█ All regional personnel, including the regional director and attorneys, are under the supervision of the board's general counsel and receive their authority to institute injunction proceedings from him. *Evans v. International Typographical Union,* 76 F.Supp. 881, 888 (S.D.Ind.1948). Based on the complaints in question, the attorney for the other regions involved would himself have been able to petition this court for the injunction sought herein. I believe that the petitioner also possessed the authority to institute the instant proceeding in connection with those complaints. For these reasons, the motion to dismiss must be denied.

## TEMPORARY INJUNCTION

The central issue is whether the subsidiaries are neutral and unconcerned employers uninvolved in the primary labor dispute. *National Labor Relations Board v. Local 810,* 460 F.2d 1, 5 (2d Cir. 1972). There is no serious dispute that if the subsidiaries are indeed neutral and unconcerned, the respondents' conduct is illegal.

█ In *Squillacote v. Graphic Arts International Union,* 513 F.2d 1017, 1021 (7th Cir. 1975), the court of appeals for this circuit clearly defined the district court's role in a section 10(*l*) petition proceeding:

"On a section 10(*l*) petition, the district court is not called upon to decide the merits of an 8(b)(4) charge. The Board does this. The district court guided by equitable principles determines instead whether the Board has reasonable cause to believe the defendant has violated section 8(b)(4) of the Act. If the court finds reasonable cause, it must grant whatever

injunctive relief 'it deems just and proper.'" *Squillacote v. Graphic Arts International Union,* 513 F.2d 1017, 1021 (7th Cir. 1975); *Squillacote v. I. B. T. Local 344,* 561 F.2d 31 (7th Cir. 1977).

The court explained the reasonable cause inquiry as follows:

"Although the words 'reasonable cause to believe' are generally applied without elaboration, it is plain that the principal concern in determining reasonable cause is the need to maintain the status quo. More precisely this is the need to forestall apparently unlawful economic coercion until a full hearing can be had before the Board." 513 F.2d at 1020.

█ With respect to factual matters, "the Regional Director faces a relatively insubstantial burden of proof" in a section 10(*l*) petition proceeding. *Squillacote v. Graphic Arts International Union,* 540 F.2d 853, 858 (7th Cir. 1976). In *Madden v. Int'l Hod Carriers' Building and Construction Trades Council,* 277 F.2d 688, 692 (7th Cir. 1960), *cert. denied,* 364 U.S. 863, 81 S.Ct. 105, 5 L.Ed.2d 86 (1960), the court stated:

"The evidence need not establish a violation. It is sufficient to sustain the District Court's finding and conclusion if there be any evidence which together with all the reasonable inferences that might be drawn therefrom supports a conclusion that there is reasonable cause to believe that a violation has occurred."

Guided by these standards, I have determined that a temporary injunction should issue. The petitioner has supplied affidavits showing that the company and its subdivisions have separate corporate structures, separate physical plants, separate employees, and possess several other indicia of separate control over the day-to-day operations. More importantly, the affidavits state that the company does not formulate or implement the labor relations policies of the Banta Division or the subsidiaries.

The respondents quote at length from the company's annual shareholder report for 1976 and from the company's Securities and Exchange Commission Form 10–K report to establish that the company and its subsidi-

aries "constitute a single, integrated, closely interrelated enterprise."

While it is true that the company portrays itself in these documents as a unified corporate enterprise, I am not convinced that the information in shareholder reports or 10–K reports provides much assistance in determining whether the subsidiaries are neutral and unconcerned with respect to the labor dispute. Common ownership has been rejected as the touchstone for determining neutrality. *National Labor Relations Board v. General Teamster, Ware. & Dairy Emp., Local No. 126*, 435 F.2d 288 (7th Cir. 1970). Although in a business sense the integration of the company and its subsidiaries is significant, it does not demonstrate that the subsidiaries are not neutral with respect to the primary labor dispute.

The respondents have also supplied affidavits of union officials involved in labor negotiations with the Banta Division and the various subsidiaries. The affidavits show that Mr. Fieweger, the company's president, and other representatives of the company have in the course of this labor dispute and at other times, attended bargaining sessions between the unions and the Banta Division and subsidiaries.

As described above, the petitioner's affidavits are in conflict with the unions' account of the degree to which the company participates in labor relations affairs of the subsidiaries and the division. I need not resolve the conflict on this point. Bearing in mind the standard of review of the district court in a section 10(*l*) case, I conclude that the petitioner could reasonably believe that a secondary boycott has occurred. He was therefore justified in petitioning for an injunction.

The discovery presently being conducted by the petitioner relates to the single-employer defense discussed herein. Upon completion of this discovery, the respondents may submit further materials in opposition to an injunction pending the board's determination. Until that time, I deem it just and proper to issue a temporary injunction in conformity with the restraining order presently in effect.

Therefore, IT IS ORDERED that the respondent GAIU's motion to dismiss be and hereby is denied.

IT IS ALSO ORDERED that the petitioner's motion for a temporary injunction be and hereby is granted. The terms of the temporary restraining order presently in effect are incorporated herein. The injunction shall remain in effect pending further order of the court.